1  DEAN A. PAPPAS (SBN 115140)
   GREGORY M. GENTILE (SBN 142424)
2  ROPERS MAJESKI PC
   1001 Marshall Street, Suite 500
3  Redwood City, CA 94063
   Telephone:    650.364.8200
4  Facsimile:    650.780.1701
   Email:        dean.pappas@ropers.com
5                gregory.gentile@ropers.com

6  Attorneys for Plaintiff
   CLEAR BLUE INSURANCE COMPANY

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  CLEAR BLUE INSURANCE COMPANY,        Case No.

12                 Plaintiff,            **COMPLAINT FOR DECLARATORY RELIEF**

13        v.

14  CHRISTINA BANAGO; RUSHMORE LOAN
    MANAGEMENT SERVICES LLC; and DOES
15  1 to 5, inclusive,

16                 Defendants.

17

18        Plaintiff, CLEAR BLUE INSURANCE COMPANY, alleges as follows:

19                        **PARTIES**

20        1.     Plaintiff Clear Blue Insurance Company ("Clear Blue" or "Plaintiff") is, and at all

21  times herein mentioned was, an insurance company authorized to do, and doing, business in the

22  State of California.

23        2.     Clear Blue is a corporation organized under the laws of the State of North

24  Carolina. Clear Blue's principal place of business is in Charlotte, North Carolina.

25        3.     Clear Blue is informed and believes, and thereon alleges, that Defendant Christina

26  Banago ("Banago") is, and, at all times herein mentioned, was, an individual residing in San Jose,

27  Santa Clara County, California.

28        4.     Clear Blue is informed and believes, and thereon alleges, that Rushmore Loan

1   Management Services, LLC as limited liability company organized in the State of Delaware with

2   its principle place of business in Irvine, Orange County, California.

3       5.      Plaintiff does not presently know the true names and capacities of the defendants

4   sued herein as Does 1 through 5, inclusive.  Plaintiff will seek leave of court to amend this

5   compliant to allege said defendants' true names and capacities as soon as plaintiffs ascertain

6   them.

7                           **JURISDICTION AND VENUE**

8       6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1),

9   because the amount in controversy exceeds $75,000 and this action is between citizens of

10  different states.

11      7.      Further, this court has, and should exercise, discretion to award a declaratory

12  judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

13      8.      Venue is proper in the Northern District of California pursuant to 28 U.S.C.

14  § 1391(b), because a Defendant is located in this District, the events or omissions giving rise to

15  the claim occurred in this District, and the subject insurance policy was delivered to Defendant

16  Banago in this District.

17                      **THE HOMEOWNERS INSURANCE POLICY**

18      9.      Clear Blue issued a Homeowners Policy to Banago, policy number HO DS 01 05

19  11, effective from November 8, 2018, to November 8, 2019 ("the Policy").  The Residence

20  Premises listed on the Policy is 4900 Massachusetts Dr., San Jose, CA 95136 ("the Subject

21  Property").

22      10.     On or about March 19, 2020, Rushmore Loan Management Services LLC

23  ("Rushmore") requested that Rushmore be added to the Policy as a mortgagee effective

24  November 8, 2018.

25      11.     An amended Homeowners Policy Declarations page to the Policy was issued by

26  Clear Blue on April 24, 2020, listing "Rushmore Loan Management Services, LLC

27  ISAOA/ATIMA" as a mortgagee.  "ISAOA/ATIMA" is an abbreviation of "Its Successors

28  And/Or Assigns / As Their Interests May Appear."

ROPERS
MAJESKI

A Professional Corporation
Redwood City

12. The Policy provides, in part, as follows:

## HOMEOWNERS 3 – SPECIAL FORM
### [Form HO 00 03 05 11]

**AGREEMENT**

We will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy.

**DEFINITIONS**

**A.** In this policy, "you" and "your" refer to the "named insured" shown in the Declarations and the spouse if a resident of the same household. "We", "us" and "our" refer to the Company providing this insurance.

**B.** In addition, certain words and phrases are defined as follows:

**11.** "Residence premises" means:
    **a.** The one-family dwelling where you reside;
    **b.** The two-, three- or four-family dwelling where you reside in at least one of the family units; or
    **c.** That part of any other building where you reside;

and which is shown as the "residence premises" in the Declarations.

"Residence premises" also includes other structures and grounds at that location.

**SECTION I – PROPERTY COVERAGES**

**A. Coverage A – Dwelling**

**1.** We cover:

    **a.** The dwelling on the "residence premises" shown in the Declarations, including structures attached to the dwelling; and

    **b.** Materials and supplies located on or next to the "residence premises" used to construct, alter or repair the dwelling or other structures on the "residence premises".

**2.** We do not cover land, including land on which the dwelling is located.

**SECTION I – PERILS INSURED AGAINST**

**A. Coverage A – Dwelling And Coverage B – Other Structures**

   **1.** We insure against direct physical loss to property described in Coverages **A** and **B**.

**SECTION I – CONDITIONS**

**L. Mortgage Clause**

   **1.** If a mortgagee is named in this policy, any loss payable under Coverage **A** or **B** will be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages.

   **2.** If we deny your claim, that denial will not apply to a valid claim of the mortgagee, if the mortgagee:

     **a.** Notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware;

     **b.** Pays any premium due under this policy on demand if you have neglected to pay the premium; and

     **c.** Submits a signed, sworn statement of loss within 60 days after receiving notice from us of your failure to do so. Paragraphs **F.** Appraisal, **H.** Suit Against Us and **J.** Loss Payment under Section **I** – Conditions also apply to the mortgagee.

<u>**FACTS COMMON TO ALL CLAIMS**</u>

13. The Subject Property was damaged by fire on September 22, 2019 (the "Fire").

14. Clear Blue is informed and believes, and thereon alleges, that Banago was the owner of the Subject Property at the time of the Fire.

15. Clear Blue is informed and believes, and thereon alleges, that Banago was the owner of a residence located at 4629 Royal Forest Court, San Jose, California., at the time of the Fire.

16. Clear Blue is informed and believes, and thereon alleges that prior to and at the time of the Fire Banago operated a senior residential care facility at the Subject Premises under the name of "Keene Kare II."

ROPERS MAJESKI

A Professional Corporation
Redwood City

17.     Clear Blue is informed and believes, and thereon alleges that on the day of the Fire there were five senior residents living in the Subject Premises under the care of Banago and an assistant care provider.

## FIRST CAUSE OF ACTION

**Declaratory Relief as to Banago – No Coverage for Subject Property**

18.     Plaintiff hereby repeats and re-allege each and every allegation contained in Paragraphs 1 through 17 as though set forth verbatim herein.

19.     Pursuant to 28 U.S.C. § 2201, this Court may declare the rights and obligations of the parties under the Policy on the grounds that an actual controversy exists within the meaning of 28 U.S.C. § 2201.

20.     An actual and real controversy now exists herein between Plaintiff and Banago as to whether the Dwelling Coverage covers Banago's loss as a result of the Fire. Plaintiff contends that the Dwelling Coverage does not apply since Banago did not reside at the Subject Premises at the time of the Fire. Plaintiff is informed and believes that Banago contends she did reside at the Subject Premises at the time of the Fire. Plaintiff is informed and believes that Banago further contends that Dwelling Coverage does not require that Banago reside at the Subject Premises. Therefore, Plaintiff seeks a determination of its rights and duties, if any, under the Policy and a judgment in its favor that Plaintiff is not obligated to indemnity Banago for any loss caused by the Fire.

21.     A justiciable controversy exists between the parties, including, but not necessarily limited to, the following: Whether Plaintiff has an obligation under the Policy to pay Banago for any loss caused by the Fire under the express terms of the Policy.

22.     Accordingly, pursuant to 28 U.S.C. § 2201, Plaintiff seeks a declaration from the Court that it has no obligation to make any payment to Banago for loss caused by the Fire.

## SECOND CAUSE OF ACTION

**Declaratory Relief as to Rushmore and Does 1-5 (collectively, "Mortgagee Defendants") – No Coverage for Subject Property**

23.     Plaintiff hereby repeats and re-allege each and every allegation contained in Paragraphs 1 through 22 as though set forth verbatim herein.

ROPERS
MAJESKI

A Professional Corporation
Redwood City

24.     Pursuant to 28 U.S.C. § 2201, this Court may declare the rights and obligations of the parties under the Policy on the grounds that an actual controversy exists within the meaning of 28 U.S.C. § 2201.

25.     Clear Blue is informed and believes, and thereon alleges, that Mortgagee Defendants are mortgagees of a mortgage secured by the Subject Property.

26.     An actual and real controversy now exists herein between Plaintiff and Mortgagee Defendants as to whether Clear Blue is required to make any payment of loss to any Mortgagee Defendant as a result of the Fire.  Plaintiff contends that no obligation for payment is owed by Clear Blue to a Mortgagee Defendant since a Mortgagee Defendant was not named as a mortgagee or loss payee in the policy when the Fire occurred.  Plaintiff is informed and believes that any Mortgagee Defendant contends that the amendment of the policy after the fire permits it to recover its loss as interests appear.

27.     A justiciable controversy exists between the parties, including, but not necessarily limited to, the following: Whether Plaintiff has an obligation under the Policy to pay any Mortgagee Defendant for any loss caused by the Fire.

28.     Accordingly, pursuant to 28 U.S.C. § 2201, Plaintiff seeks a declaration from the Court that it has no obligation to make any payment to any Mortgagee Defendant for loss caused by the Fire.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against defendants as follows:

1.  For a declaration that Plaintiff has no obligation to make any payment to Banago for loss caused by the Fire pursuant to the express terms, conditions, and limitations, of the Policy;

2.  For a declaration that Plaintiff has no obligation to make any payment to Rushmore or any Mortgagee Defendant for loss caused by the Fire;

3.  For a declaration that Plaintiff is the prevailing party in the action.

4.  For costs of suit and fees incurred herein;

/ / /

/ / /

A Professional Corporation
Redwood City

ROPERS
MAJESKI

1    5.   For such further and other relief as the Court deems just and proper.

2   Dated: February 9, 2021                    ROPERS MAJESKI PC

3

4                                            By:
                                                _____
5                                               DEAN A. PAPPAS
                                                GREGORY M. GENTILE
6                                               Attorneys for Plaintiff
                                                CLEAR BLUE INSURANCE COMPANY